**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACK D. LOFTIS, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-2871** |
| | : | |
| **KEY ENERGY SERVICES, INC.** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Kauffman, J.**                                                    **June    26,  2008**

Plaintiff Jack D. Loftis, Jr. ("Plaintiff") brought this action against Key Energy Services,

Inc. ("Defendant"), alleging various counts of wrongful termination, breach of contract, breach of

good faith and fair dealing, and breach of fiduciary duty, and seeking a declaratory judgment

regarding certain legal issues central to his claims.  Defendant filed six counterclaims alleging

breach of contract, entitlement to restitution, attorney malpractice, and breach of fiduciary duty,

and seeking a declaratory judgment regarding legal issues central to its claims (the

"Counterclaims").  Now before the Court is Plaintiff's "Partial Motion to Dismiss Defendant's

Counterclaims" (the "Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the

reasons that follow, the Motion will be denied.[1]

## I.      BACKGROUND

Accepting as true the allegations of the Counterclaims, the pertinent facts are as follows:[2]

Plaintiff began working for Defendant on November 15, 1996.  <u>See</u> Answer and Counterclaims

("Counterclaims") ¶ 267.  Over the course of his employment, Plaintiff was party to three

---

[1]      Neither party disputes that Pennsylvania law applies in this diversity case.

[2]      The Court will address only those allegations relevant to the First and Second
Counts of Defendant's Counterclaims, the only counterclaims at issue in the Motion.

employment contracts with Defendant, the latest dated December 31, 2003, and held the positions of General Counsel, Corporate Secretary, and Senior Vice President.  Id.  His job duties included, inter alia, supervision of the company's legal activities, supervision of the management of the employee stock option program, reporting irregular or improper conduct by corporate officers to the Board of Directors, structuring and maintaining internal controls, ensuring that the company's corporate records were accurate and complete, and estimating appropriate reserves for matters within the purview of the legal department.  Id. ¶ 272.

In March 2004, Defendant's senior management and its Board of Directors determined that the company would have to restate its 2003 financial reports due to pervasive accounting errors.  Id. ¶ 270.  Defendant alleges that the difficulties with the financial reporting process and the restatement of the financial reports were caused, in part, by Plaintiff's actions.  Id. ¶ 255.  Specifically, Defendant alleges that Plaintiff: (1) failed to disclose material information to the Board of Directors regarding the company's former CEO Francis John; (2) concealed that failure for his own benefit; (3) was derelict in his duties as General Counsel by not maintaining adequate internal controls within the company or proper documentation regarding the issuance of stock options; (4) interfered in internal investigations; and (5) kept inadequate reserves for pending litigation on the company's books.   Id. ¶¶ 278-91.

Plaintiff was terminated on July 8, 2004 because his conduct "caused the company to lack confidence in his commitment and ability to serve the company's best interest as its general counsel."  Id. ¶ 252.  At the time, Plaintiff was not terminated "for cause."  However, Defendant later learned of facts regarding Plaintiff's willful misconduct and failure to perform his duties as General Counsel – which he had concealed – that led Defendant to re-characterize his

2

termination as "for cause."  Id. ¶ 253.

## II.    LEGAL STANDARD

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), this Court is required "to accept as true all allegations in the [counterclaims] and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).  In deciding a 12(b)(6) motion, "a court looks only to the facts alleged in the [counterclaims] and [their] attachments without reference to other parts of the record."  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  "To survive a motion to dismiss, a [defendant asserting counterclaims] must allege facts that 'raise a right to relief above the speculative level on the assumption that the allegations in the [counterclaims] are true (even if doubtful in fact).'"  Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (citations omitted in original) (quoting Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)).

## III.   DISCUSSION

Plaintiff argues that dismissal of a portion of Count One of the Counterclaims ("Count One") and the entirety of Count Two of the Counterclaims ("Count Two") is appropriate.  In Count One, Defendant alleges that Plaintiff breached his employment agreement and that his breaches excuse the company from any remaining obligations under the agreement.  Defendant further contends that it is entitled to recover all money paid under the agreement since the date of the first breach.  In Count Two, Defendant seeks restitution of all amounts paid to Plaintiff for severance, benefits, and reimbursements from the date of his termination to June 30, 2007, and a declaration that the company is not obligated to pay him any further severance, benefits, or

reimbursements.

A.      **Pleading in the Alternative**

Plaintiff's first argument is that Defendant cannot seek both breach of contract damages and restitution, an equitable remedy available in rescission cases.  Accordingly, since a party cannot both rescind an agreement and obtain breach of contract damages, the Court should dismiss Count Two, which seeks restitution for money paid following Plaintiff's termination, and the portion of Count One seeking recovery of all money paid under his employment agreement. See Motion at 4-6.  Defendant responds that Count Two is seeking neither rescission of the employment agreement nor repayment of Plaintiff's salary over the entire course of his career. See Opposition at 3.  Rather, Count Two seeks to enforce the terms of the agreement under which Plaintiff would not receive severance, benefits, or reimbursements following his termination if the termination was "for cause."  See id.  Moreover, even if Defendant were seeking both breach of contract damages and equitable rescission, it would not have to elect a remedy at this stage of the litigation.  See id. at 3-4.

The Court agrees that Defendant need not elect a remedy at this stage of the litigation. Under Pennsylvania law, "plaintiffs may *allege* a claim for [two inconsistent] causes of action despite the legal impossibility of *recovery* under both, as claims in the alternative."  Baker v. Family Credit Counseling Corp., 440 F. Supp. 2d 392, 420 (E.D. Pa. 2006) (citations omitted) (emphasis added); see also Cornell Co. v. Borough of New Morgan, 2007 WL 1577736, at *15 (E.D. Pa. May 31, 2007) ("Courts have permitted plaintiffs to pursue alternative theories of recovery based both on breach of contract and unjust enrichment, even when the existence of a contract would preclude recovery under unjust enrichment.") (citation omitted).  Under Federal

4

Rule of Civil Procedure 8, the same logic applies to a defendant asserting a counterclaim.  See
Fed. R. Civ. P. 8(e)(2) ("A party may set forth two or more statements of a claim or defense
alternatively or hypothetically, either in one count or defense or in separate counts or defenses ...
A party may also state as many separate claims or defenses as the party has regardless of
consistency.").

### B.    Reliance on After-Acquired Evidence

Plaintiff next argues that Count Two and the portion of Count One seeking recovery of
money paid under his employment agreement since the date of his alleged breach must be
dismissed because these claims rely on after-acquired evidence.  He contends that such evidence
may be used only as a defense to an employee's breach of contract claim, not as a basis to
recover money already paid under a contract.  See Motion at 6-7.  Defendant responds that cases
allowing the use of after-acquired evidence as a defense never have prohibited the use of such
evidence in a breach of contract counterclaim by a defendant employer.  See Opposition at 4-7.
Therefore, Defendant argues, reliance on such evidence is permissible, and dismissal of a portion
of Count One and all of Count Two would not be appropriate.

Both parties primarily rely on a decision from the Middle District of Pennsylvania in
which the district court predicted that the Pennsylvania Supreme Court would allow the use of
after-acquired evidence of employee misconduct to defend a breach of contract action for wages
and benefits lost as a result of the employee's termination.[3]  See Dobinsky v. Crompton &

---

[3]    The after-acquired evidence doctrine first arose in the context of employment
discrimination cases.  In McKennon v. Nashville Banner Publ'g Co., 513 U.S. 352 (1995), the
Supreme Court held that after-acquired evidence of an employee's misdeeds is admissible in a
discrimination action on the issue of damages and the appropriate remedy.  McKennon, 513 U.S.
at 360-62.  This decision has been followed by the Third Circuit, see, e.g., Mardell v.

Knowles Colors, Inc., 2004 WL 2303686, at *5 (M.D. Pa. Mar. 30, 2004).  The Dobinsky court, in adopting the after-acquired evidence doctrine, noted that "if the plaintiff[] materially breached the contract first, i.e. performed in such a way as to provide cause for [his] termination, [he] will not be able to enforce the terms of the contract.  If, on the other hand, the plaintiff[] did not materially breach the contract first, then the defendant[] will be liable for the damages provided for in the employment agreement.  The only facet we are adding to the Pennsylvania law is our holding that after-acquired information can be used by the defendants to justify the plaintiff['s] termination[]."  Id. at *6.

The Dobinsky court was not faced with the issue of whether after-acquired evidence could be used offensively to support a counterclaim in a breach of employment contract case.  However, the contract principles upon which that court relied are equally applicable in the context of Defendant's counterclaims, and it follows that if Defendant can use after-acquired evidence to defend against a breach of contract claim, it should have the opportunity to utilize after-acquired evidence to prove its own claim that Plaintiff breached his employment contract.  Assuming that Plaintiff did breach his contract and concealed that breach until after his discharge, it would be fundamentally unfair to preclude that evidence.

_____

Harleysville Life Ins. Co., 65 F.3d 1072, 1073-74 (3d Cir. 1995), and subsequently has been expanded by courts in other jurisdictions to breach of contract actions in the employment context.  See, e.g., O'Day v. McDonnell Douglas Helicopter Co., 959 P.2d 792, 796 (Ariz. 1998); Teter v. Republic Parking Sys., Inc., 181 S.W. 3d 330, 339 (Tenn. 2005); ACAS Acquisitions (Precitech), Inc. v. Hobert, 923 A.2d 1076, 1092 (N.H. 2007).

**IV.     CONCLUSION**

For the foregoing reasons, Plaintiff's Motion will be denied.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACK D. LOFTIS, JR.** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 07-2871** |
| | : | |
| **KEY ENERGY SERVICES, INC.** | : | |
| | : | |

## ORDER

    **AND NOW**, this   26th   day of June, 2008, upon consideration of Plaintiff's "Partial

Motion to Dismiss Defendant's Counterclaims" (docket nos. 20, 22), Defendant's Opposition

thereto (docket no. 24), and Plaintiff's Reply (docket no. 27), and for the reasons stated in the

accompanying Memorandum, it is **ORDERED** that the Motion is **DENIED**.

                                          **BY THE COURT:**

                                       **/s/ Bruce W. Kauffman**
                                       **BRUCE W. KAUFFMAN,  J.**